FORD MARRIN ESPOSITO WITMEYER
   & GLESER, L.L.P.
51 Upper Montclair Plaza, Suite 22
Upper Montclair, New Jersey 07043
Tel.: (973) 744-3700
*Attorneys for Defendant*
*Starr Surplus Lines Insurance Company*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

————————————————————————

NELBUD SERVICES GROUP, INC.,

          Civ. Action No. _____

       Plaintiff,

vs.

STARR SURPLUS LINES INSURANCE COMPANY,

       Defendant.

————————————————————————

**NOTICE OF REMOVAL**

Defendant Starr Surplus Lines Insurance Company ("Starr") pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby removes this action from the Superior Court of the State of New Jersey, Law Division, Atlantic County to the United States District Court for the District of New Jersey, Camden Vicinage. Starr, by and through its undersigned counsel, states the grounds for removal as follows:

1.      Plaintiff Nelbud Services Group, Inc., ("Nelbud") filed this action in the Superior Court of the State of New Jersey, Law Division, Atlantic County, by way of complaint under Docket No. L-2489-17, on December 1, 2017.

2.      The Summons and Complaint were served on Starr via the Commissioner of the New Jersey Department of Banking and Insurance on December 8, 2017, and was thereafter received by Starr on December 20, 2017.

3.      Copies of the Summons and Complaint, which constitute all process, pleadings and orders served upon Starr in this action now being removed, are annexed hereto as <u>Exhibit A</u>.

4.      This declaratory judgment action arises out of a subrogation action filed against Nelbud in Pennsylvania State Court in Philadelphia County entitled *Lexington Insurance Company, as subrogee of HWI Global Properties, LLC, et al. v. Nelbud Services Group, Inc.*, Docket No. 002280 (June 2017) (the "Subrogation Action").

5.      In the Subrogation Action, Lexington Insurance Company ("Lexington") seeks to recover from Nelbud for monies paid to remediate a fire that took place on or about July 16, 2015 at the Osteria Restaurant, 640 North Broad Street, Philadelphia, Pennsylvania.

6.      Nelbud in turn brought the instant declaratory action lawsuit against Starr. Nelbud alleges that Starr issued to it two insurance policies: policy no. 1000065261141 for the period November 23, 2014 through October 31, 2015 ("the 2014-15 Policy"), and policy no. 10000066015161 for the period December 1, 2016 through December 1, 2017 ("the 2016-17 Policy"). Nelbud seeks coverage under both such policies, including a defense and indemnity, from Starr with respect to Lexington's claims in the Subrogation Action.

7.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), and this action may be removed by Starr pursuant to the provisions of 28 U.S.C. § 1441 because it is an action wherein: (1) complete diversity of citizenship exists among the parties; and (2) the amount in controversy exceeds $75,000, exclusive of interests and costs.

8.      There is complete diversity of citizenship between Nelbud and Starr as follows:

a.      According to its Complaint, Nelbud is a New Jersey business corporation with its principal place of business in New Jersey.

b. Starr is incorporated under the laws of Illinois and has its principal place of business in New York.

9. The amount in controversy of Nelbud's claims is not specified in its complaint. In such circumstances, Starr is permitted to state the amount in controversy in a "short and plain" statement without the need for evidentiary submissions. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct.547, 551 (2014).

10. Moreover, Nelbud's complaint asserts claims for declaratory judgment. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 2443 (1977).

11. Here, the value of the object of the declaratory judgment claims, a defense and indemnity with respect to the claims asserted against Nelbud by Lexington in the Subrogation Action, upon information and belief, exceeds the sum or value of $75,000, exclusive of interests and costs, as follows:

a. In the Subrogation Action, Lexington seeks damages in excess of $250,000 from Nelbud suffered as the result of the fire at the Osteria Restaurant. A true and correct copy of Lexington's Subrogation Complaint in that action is annexed hereto as Exhibit B.

b. Thus, to the extent Lexington is ultimately successful on its claims against Nelbud, Nelbud seeks indemnity from Starr in an amount exceeding $75,000, exclusive of interests and costs.

c. In addition, to the extent Starr is determined obligated to provide a defense for Nelbud in the Subrogation Action, the value of such defense costs must be

3

included in computation of the amount in controversy. Upon information and belief, the value of Nelbud's defense alone exceeds $75,000, especially if such case proceeds through trial.

12.    In light of the foregoing value of the potential obligations of Starr to defend and indemnify Nelbud with respect to the Subrogation Action, upon information and belief, the amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs.

13.    Therefore, this Court has original diversity jurisdiction over the above-captioned action pursuant to 28 U.S.C. §1332, which may properly be removed to this Court pursuant to 28 U.S.C. § 1441, *et seq.*

14.    Assignment of this action to the Camden Vicinage is proper as this action was brought in the New Jersey Superior Court, Atlantic County.

15.    This Notice of Removal is being filed within 30 days after receipt by Starr of a copy of the Complaint and is therefore timely filed under 28 U.S.C. § 1446(b)(3).

16.    Upon filing this notice of removal, Starr shall give notice thereof to Eugene Killian, Esq. of The Killian Firm, P.C. attorneys for Nelbud, and Starr shall file copies of said Notice of Removal with the Clerk, Superior Court of New Jersey, Law Division, Atlantic County.

17.    By filing this notice, Starr does not waive any defenses or claims which may be available to it.

Wherefore, Starr hereby removes this action from the Superior Court of the State of New Jersey, Atlantic County, to this Honorable Court, wherein it shall proceed as an action originally commenced therein.

Dated:  January 5, 2017

Respectfully submitted,

FORD MARRIN ESPOSITO WITMEYER
   & GLESER, L.L.P.


By:  ___/s/ John A. Mattoon_____

    Charles A. Booth
    John A. Mattoon
51 Upper Montclair Plaza, Suite 22
Upper Montclair, NJ  07043
Tel.: (973) 744-3700
*Attorneys for Defendant Starr Surplus Lines
Insurance Company*

TO:    Eugene Killian, Esq.
       The Killian Firm, P.C.
       555 Route 1 South
       Suite 430
       Iselin, NJ 08830
       *Attorneys for Nelbud Services Group, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that a true and correct copy of the foregoing

Notice of Removal, along with the accompanying Civil Cover Sheet and Corporate Disclosure

Statement, was served by U.S. first-class mail, postage prepaid, to the following counsel of

record:

> Eugene Killian, Esq.
> The Killian Firm, P.C.
> 555 Route 1 South
> Suite 430
> Iselin, NJ 08830

_/s/ John A. Mattoon_____