CHRIS CHRISTIE
*Governor*

KIM GUADAGNO
*Lt. Governor*

**State of New Jersey**
DEPARTMENT OF BANKING AND INSURANCE
OFFICE OF THE COMMISSIONER
PO BOX 325
TRENTON, NJ 08625-0325

TEL (609) 292-7272

RICHARD J. BADOLATO
*Commissioner*

December 8, 2017

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Starr Surplus Lines Insurance Company
ATTN: Corporate Secretary
399 Park Avenue, 8th Floor
New York, NY `10022

Re: Nelbud Services Group, Inc. v. Starr Surplus Lines Insurance Company
Superior Court of New Jersey, Atlantic County Law Division
Docket No.: ATL-L-002489-17

Dear Sir/Madam:

You are hereby notified that on this date the Commissioner of the New Jersey Department of Banking and Insurance has accepted original service of process on your behalf in the above-captioned matter. A copy of the Order and Complaint is enclosed herein.

By copy of this letter I am advising the Attorney for the Plaintiff(s) in this matter and certifying with the Clerk of the Court that this Order and Complaint have been transmitted to you, and confirming that the Commissioner of Banking and Insurance is not authorized to receive service of any further documents in this action.

Very truly yours,

Debbie Mullen
Administrative Assistant

Enclosure
13604-01/INOSP
C: Eugene Killian, Jr., Esq.
The Killian Firm, P.C.
555 Route 1 South, Suite 430
Iselin, NJ 08830

Clerk of the Superior Court, Atlantic County

Eugene Killian, Jr. (Bar No. 002081990)
Laura V. Studwell (Bar No. 042161986)
THE KILLIAN FIRM, P.C.
555 Route 1 South
Suite 430
Iselin, NJ  08830
(732) 912-2100
ekillian@tkfpc.com
lstudwell@tkfpc.com
*Attorneys for Plaintiff*

| | |
|---|---|
| NELBUD SERVICES GROUP, INC., <br><br> *Plaintiff,* <br><br> vs. <br><br> STARR SURPLUS LINES INSURANCE COMPANY, <br><br> *Defendant.* | **SUPERIOR COURT OF NEW JERSEY** <br> **LAW DIVISION** <br> **ATLANTIC COUNTY** <br><br> Docket No.  ATL-L-002489-17 <br><br> *Civil Action* <br><br> **SUMMONS** |

*FROM THE STATE OF NEW JERSEY TO:*

Starr Surplus Lines Insurance Company
c/o Department of Banking & Insurance
25 W. State Street
Trenton, NJ  08625-0325

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit.  If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the County listed above within 35 days from the date you received this summons, not counting the date you received it.  The address for filing is: **Atlantic County Superior Court, Civil Courts Bldg., 1201 Bacharach Blvd, 1st Floor, Atlantic City, NJ 08401**.  If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, NJ 08625-0971.  A filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed.  You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above.  A telephone call will not protect you; you must file and serve a written answer

or motion (with fee of $175 for Law Division and $175 for Chancery Division and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

                                        *s/Michelle M. Smith*
                                        MICHELLE M. SMITH
                                        Clerk of the Superior Court

Dated: December 1, 2017

```
ATLANTIC COUNTY COURT HOUSE
SUPERIOR COURT LAW DIV
1201 BACHARACH BLVD
ATLANTIC CITY    NJ 08401
                                          TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (609) 345-6700
COURT HOURS  8:30 AM - 4:30 PM

                        DATE:   NOVEMBER 30, 2017
                        RE:     NELBUD SERVICES GROU P, INC.  VS STARR SURPLUS LI
                        DOCKET: ATL L -002489 17

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 1.

     DISCOVERY IS   150 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON JOSEPH L. MARCZYK

       IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    001
AT:  (609) 594-3379 EXT 3379.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:
                                    ATT: EUGENE KILLIAN
                                    THE KILLIAN FIRM PC
                                    KILLIAN FIRM
                                    555 RTE 1 SOUTH   STE 430
                                    ISELIN           NJ 08830-3151


ECOURTS
```

Eugene Killian, Jr. (Bar No. 002081990)
Laura V. Studwell (Bar No. 042161986)
THE KILLIAN FIRM, P.C.
555 Route 1 South
Suite 430
Iselin, NJ 08830
(732) 912-2100
ekillian@tkfpc.com
lstudwell@tkfpc.com
*Attorneys for Plaintiff*

| | |
|---|---|
| NELBUD SERVICES GROUP, INC., *Plaintiff,* vs. STARR SURPLUS LINES INSURANCE COMPANY, *Defendant.* | **SUPERIOR COURT OF NEW JERSEY LAW DIVISION ATLANTIC COUNTY** Docket No. *Civil Action* **COMPLAINT AND JURY DEMAND** |

Plaintiff Nelbud Services Group, Inc. ("Nelbud"), a New Jersey corporation having a place of business at 1200 West Moss Mill Road, Egg Harbor City, NJ 08215, Atlantic County, for its Complaint against defendant Starr Surplus Lines Insurance Company ("Starr"), alleges as follows:

## THE PARTIES

1. Starr describes itself as a "global insurance and investment organization providing property and casualty insurance solutions to business and industry," and, for example, promotes its General Liability - Commercial General Casualty insurance as follows:

> As an enterprise, your company needs protection against financial loss from mishaps that can happen during the course of business operations. Starr's General Liability coverage can help protect your business in the event of litigation resulting from accidents, injuries, and property damage to third parties.
>
> Because we know that unwanted events can occur any time to companies of all

1

sizes and industries, we can work with you to offer comprehensive commercial liability insurance against traditional and more complex exposure.

(http://www.starrcompanies.com/insurance/generalliability-cgc)

2. Starr also states that "effective claims management is a critical component of every risk management program" and that the goal of its in-house claims professionals is to "achieve optimum results for our clients . . . as quickly and efficiently as possible." (http://www.starrcompanies.com/clientservices/reportaclaim)

3. Starr sells insurance products throughout the United States, including in New Jersey, for substantial premiums.

4. Nelbud is headquartered in Atlantic County, and specializes in the professional cleaning of commercial exhaust hood systems, as well as in advising clients on the features of such systems.

## THE STARR POLICIES

5. Starr sold Nelbud a liability insurance policy, numbered 1000065261141, containing a policy period of November 23, 2014 through October 31, 2015 (the "2014-15 Policy").

6. Upon information and belief, the 2014-15 Policy was renewed for each following year through the present. (The relevant insurance policies will be referred to collectively as the "Starr Policies.")

7. The current Starr Policy numbered 10000066015161, and has a policy period of December 1, 2016 through December 1, 2017 (the "2016-17 Policy").

8. Upon information and belief, the terms and conditions of the coverage contained in each of the Starr policies was substantially similar.

9. Starr did not include a choice-of-law provision within the Starr Policies.

2

10. The Starr Policies contain three main types of coverage: General Liability, Contractor Pollution Liability, and Professional Liability.

## THE GENERAL LIABILITY COVERAGE

11. The General Liability section of the Starr Policies provides in part: "We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. We will have any the right and duty to defend the insured against any 'suit' seeking those damages. However, we will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply."

12. The General Liability section of the Starr Policies defines "occurrence" to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

13. The General Liability section of the Starr Policies contains no specific exclusion captioned "faulty workmanship." The Professional Liability section of the policy contains a specific exclusion for "faulty workmanship", excluding coverage for claims "arising out of the cost to repair or replace any faulty workmanship, construction or work not in accordance with your 'professional services.'"

## THE PROFESSIONAL LIABILITY COVERAGE

14. The Professional Liability section of the Starr Policies states: "We will pay those sums that the insured becomes legally obligated to pay as damages because of 'claims' that result from the rendering or failure to render 'professional services'…"

15. The Professional Liability section of the Starr Policies is written on a claims-made basis, and requires claims to be made against the policyholder "during the policy period or any

3

Extended Reporting Period."

16. The Professional Liability section of the policy also states: "We have the right and duty to defend the insured against any 'suit' seeking those damages."

17. The Professional Liability section of the Starr Policies covers claims relating to "professional services."

18. The 2016-17 Policy defines "professional services" as follows: "[T]hose functions performed for third parties and for a fee by you or on your behalf that are related to your practice as a consultant, engineer, architect, survey or, laboratory or construction manager."

19. The terms "consultant" and "engineer" are not defined in the 2016-17 Policy.

20. The 2014-15 Policy elucidates the definition of Nelbud's "professional services" as follows: "Account performs hood, docket and fan service-Grease exhaust system cleaning, filter services, access panel installations, bio remediation programs, video inspections, inspection of kitchen exhaust systems, grease trap pumping & cleaning, line jetting, automatic could wash services, fire suppression services, emergent repairs, certified detergent application. Account subcontracts the fabrication work and grease trap pumping." The 2014-15 Policy further states: "This insurance applies only to 'claims' due to the rendering of or failure to render Professional Services shown in the Schedule."

21. The "faulty workmanship" exclusion contained in the Professional Liability coverage part relates only to "faulty workmanship, construction or work <u>not in accordance with your "professional services</u>." (Emphasis added.) Since policy exclusions are to be read strictly against the insurance company, this exclusion only applies to services not specifically identified within the policy description of "professional services." Furthermore, the "faulty workmanship" exclusion only applies to replacement or repair of the faulty work itself, and not to any

4

consequential damages.

## THE JULY 2015 INCIDENT AND JUNE 2017 CLAIM

22. Nelbud performed "professional services," as that term is defined by the Starr Policies, at the Osteria Restaurant, 640 North Broad Street, Philadelphia, Pennsylvania ("Osteria").

23. On or about July 16, 2015, a fire apparently took place at the Osteria, causing damage to the restaurant, as well as the building in which it was housed.

24. On or about June 15, 2017, Lexington Insurance Company, as subrogee of HWI Global Properties, LLC and B-R Penn Realty Owner, L.P., the owner of the property on which the Osteria was located, filed a lawsuit against Nelbud in State Court in Philadelphia County entitled Lexington Insurance Company, as subrogee of HWI Global Properties, LLC, et al. v. Nelbud Services Group, Inc., Docket No. 002280 (June 2017) (the "Lexington Lawsuit").

25. The Lexington Lawsuit alleges in part that the fire was connected to Nelbud's professional services, and resulted in essence and in part from an active malfunction of the ductwork at the Osteria following Nelbud's work.

26. Nelbud duly notified Starr of the Lexington Lawsuit and complied with all conditions precedent under the Starr Policies. To the extent that any applicable conditions precedent were not met, performance of such condition is excused given Starr's superficial claims investigation and improper claim denial.

27. The Lexington Lawsuit is covered by the General Liability Coverage in the 2014-15 Policy, and by the Professional Liability Coverage in the 2016-17 Policy (as well as potentially by the other Starr Policies), in that, among other things:

> i. The allegations made by Lexington fall squarely within the definition of covered "professional services" under the Professional Liability coverage.

5

ii. Under the General Liability coverage, covered "Property Damage" has taken place.

28. Despite the existence of potential coverage, Starr has refused to defend Nelbud in the Lexington Lawsuit, claiming, for example, in a letter dated August 14, 2017: "[T]he Underlying Action does not allege an 'occurrence' and consequently, Starr must respectfully disclaim coverage to Nelbud for the claims asserted against it in the Underlying Action."

29. In denying the claim, Starr apparently did not analyze the potential applicability of Professional Liability coverage under any of the Starr Policies.

30. Starr's claim denial was later reiterated in an October 5, 2017 letter from a New Jersey law firm, Kennedys CMK.

31. Proper insurance claims handling is a mixed function of law and fact.

32. It is a generally accepted principle, both in the law and under generally accepted claims handling practices, that the duty to defend is broader than the duty to indemnify, and that if any possibility of indemnity coverage exists, however remote, the insurance company is required to provide a defense.

33. Starr's refusal to provide a defense to Nelbud with respect to the Lexington Lawsuit violated applicable law and generally accepted claims handling practices, as embodied in the Unfair Claims Settlement Practices Act, N.J.S.A. §17:29B-4(9) *et seq.*, including, but not limited to, the following provisions:

i. Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue. N.J.S.A. §17:29B-4(9) (a).

6

  ii. Refusing to pay claims without conducting a reasonable investigation based upon all available information. N.J.S.A. §17:29B-4(9) (d).

  iii. Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement. N.J.S.A. §17:29B-4(9) (n).

34. Nelbud has incurred and will continue to incur significant attorneys' fees and costs in connection with its defense of the Lexington Lawsuit, which are properly the responsibility of Starr.

## COUNT ONE

### (Declaratory Judgment regarding Duty to Defend)

35. Nelbud repeats the prior allegations of this Complaint.

36. The Lexington Lawsuit falls within the coverage of, at a minimum, the General Liability Coverage in the 2014-15 Policy and the Professional Liability Coverage in the 2016-17 Policy, and there is a possibility that indemnity coverage will ultimately exist for the Lexington Lawsuit.

37. As a result of Starr's improper claim denial following a cursory investigation, a justiciable controversy exists between Nelbud and Starr as to Starr's duty to defend the Lexington Lawsuit.

38. Nelbud seeks a declaration of the rights and interests of the parties with respect to Starr's obligation to provide a defense to Nelbud for the Lexington Lawsuit.

WHEREFORE, Nelbud requests the entry of judgment against Starr as follows:

  a. Declaring and adjudging that Starr must provide a defense for the Lexington Lawsuit.

7

    b. Awarding Nelbud compensatory damages and interest.

    c. Awarding Nelbud its attorney's fees and costs of suit under R. 4:42-9(a)(6).

    d. For such other relief as the Court deems proper.

## COUNT TWO
### (Breach of Contract)

39. Nelbud repeats the prior allegations of this Complaint.

40. Starr's conduct in denying coverage for the Lexington Lawsuit, including defense and possible indemnity, constitutes a breach of contract, as the result of which Nelbud has been damaged.

WHEREFORE, Nelbud requests the entry of judgment against Starr as follows:

    a. Declaring and adjudging that Starr must provide a defense for the Lexington Lawsuit and reimburse Nelbud for all costs and expenses incurred in connection with the Lexington Lawsuit.

    b. Awarding Nelbud compensatory damages and interest.

    c. Awarding Nelbud its attorney's fees and costs of suit under R. 4:42-9(a)(6).

    d. For such other relief as the Court may deem proper.

### DESIGNATION OF TRIAL COUNSEL

Nelbud designates Eugene Killian, Jr. of The Killian Firm, P.C. as its trial counsel in this case.

## DEMAND FOR JURY TRIAL

Nelbud hereby demands trial by jury for all issues so triable as of right.

Dated: November 30, 2017

THE KILLIAN FIRM, P.C.
*Attorneys for Plaintiff*

By: _____
Eugene Killian, Jr.

## RULE 4:5-1 CERTIFICATION

I certify that, to the best of my knowledge, information and belief, the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, and that no other such action or arbitration proceeding is currently contemplated, *except that*: in this case, plaintiff seeks to enforce liability insurance coverage for a lawsuit captioned Lexington Insurance Company, as subrogee of HWI Global Properties, LLC, et al. v. Nelbud Services Group, Inc., Docket No. 002280 (Pa. Ct. Common Pleas, Philadelphia County).

I further certify that I am aware of no non-party who should be joined in this action at this time, or who is subject to joinder because of potential liability to any party on the basis of the same transactional facts.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: November 30, 2017

_____
Eugene Killian, Jr.

9

# Civil Case Information Statement

**Case Details: ATLANTIC | Civil Part Docket# L-002489-17**

**Case Caption:** NELBUD SERVICES GROU P, INC. VS STARR SURPLUS LI
**Case Initiation Date:** 11/30/2017
**Attorney Name:** EUGENE KILLIAN JR
**Firm Name:** THE KILLIAN FIRM PC
**Address:** 555 RTE 1 S STE 430
ISELIN NJ 08830
**Phone:**
**Name of Party:** PLAINTIFF : Nelbud Services Group, Inc.
**Name of Defendant's Primary Insurance Company (If known):** None

**Case Type:** OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS)
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 12 JURORS
**Hurricane Sandy related?** NO
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Business

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
If yes, please identify the requested accommodation:

**Will an interpreter be needed?** NO
If yes, for what language:

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

11/30/2017
Dated

/s/ EUGENE KILLIAN JR
Signed